```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
RUDY FLOYD,                                                  :
                                  Petitioner,                :   25 Civ. 3302 (LGS)
                                                             :   18 Crim. 127 (LGS)
                   -against-                                 :
                                                             :   OPINION AND ORDER
UNITED STATES OF AMERICA,                                    :
                                                             :
                                  Respondent.                :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

Petitioner Rudy Floyd, proceeding pro se, moves to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. For the reasons below, the motion is denied as untimely.

I.  BACKGROUND

On February 13, 2018, Petitioner was charged by indictment with one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and one count of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

On June 18, 2018, Petitioner pleaded guilty pursuant to a plea agreement before a magistrate judge to both counts of the indictment. The plea agreement contains an appeal waiver and a waiver of collateral challenge, except for claims of ineffective assistance of counsel. Specifically, the exception states, "Notwithstanding the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights."

On April 16, 2019, this Court sentenced Petitioner principally to a total of 144 months' imprisonment, which was below the applicable Sentencing Guidelines range of 262 to 326

1

months.  Petitioner appealed, but the Second Circuit dismissed the appeal in light of the appeal waiver in the plea agreement on March 17, 2020.  *See United States v. Floyd*, 797 F. App'x 664 (2d Cir. 2020) (summary order).  The mandate was issued on May 7, 2020.  Petitioner did not file a petition for certiorari with the Supreme Court.

Petitioner's conviction became final on June 15, 2020, ninety days after the Second Circuit's judgment, when the time for filing a petition for certiorari expired.  *See* Sup. Ct. R. 13(1); *Kemp v. United States*, 596 U.S. 528, 531 (2022) ("[A] judgment becomes final when the time to seek certiorari expires -- ordinarily, 90 days after judgment.").[1]  Under 28 U.S.C. § 2255(f)(1), the one-year statute of limitations period expired on June 15, 2021.  Petitioner filed the instant motion, pro se, on or about April 7, 2025, and it was docketed on April 16, 2025, nearly four years after the limitations period expired.  The Government filed its opposition on May 5, 2025.  Petitioner did not file a reply.

## II.  LEGAL STANDARD

28 U.S.C. § 2255 permits a federal prisoner to move to vacate, set aside or correct a sentence that was imposed in violation of the Constitution or laws of the United States.  The statute imposes a one-year statute of limitations running from "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  "Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances, but should be applied only in rare and exceptional circumstances."  *Clemente v. Lee*, 72 F.4th 466, 478 (2d Cir. 2023).  A federal habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010); *accord Clemente*, 72 F.4th at 478.

As Petitioner filed his motion pro se, the Court construes his submissions liberally and reads them "to raise the strongest arguments they suggest." *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022).

**III.    DISCUSSION**

Petitioner's § 2255 petition is denied because the Petition is untimely under § 2255(f)(1). His conviction became final on June 15, 2020, ninety days after the Second Circuit dismissed his appeal, when the time to seek certiorari expired. The one-year limitations period therefore expired one year later on June 15, 2021. Petitioner did not file this motion until April 2025, nearly four years after the deadline. Petitioner, acknowledging the belatedness, argues that equitable tolling should apply because his prior counsel failed to explain that the plea agreement does not bar a § 2255 motion based on ineffective assistance, and because of purported "reasonable confusion" and ambiguity in the plea agreement language. This argument fails, as explained below.

First, Petitioner has not shown that he diligently pursued his rights as required. *See Clemente*, 72 F.4th at 478. He offers no timeline or evidence of any steps taken to file the instant motion during the four years after the limitations period expired. Nor does Petitioner explain how or when he learned of his ability to file his habeas petition. Courts routinely deny equitable tolling where, as here, the record lacks any showing of diligence. *See, e.g.*, *Bravo v. United States*, No. 22 Civ. 7393, 2022 WL 4646835, at *7 (S.D.N.Y. Sept. 30, 2022) (denying equitable tolling where the petitioner failed to demonstrate efforts to pursue claims); *Urena v. Lee*, No. 11 Civ. 1595, 2012 WL 3871354, at *2 (S.D.N.Y. Sept. 5, 2012) (same).

Second, Petitioner has not shown extraordinary circumstances that prevented timely filing. *See Clemente*, 72 F.4th at 478. While Petitioner cites "reasonable confusion" and ambiguity in the plea agreement, the agreement's language is clear and does not require specialized legal interpretation. The plea agreement expressly states that Petitioner preserved his right to assert claims of ineffective assistance of counsel: "Notwithstanding the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights." Any alleged failure by counsel to explain that provision is not the sort of egregious misconduct that would justify equitable tolling given the express carveout and straightforward language used. *Compare Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001) ("[A]ttorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling.") *with Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011) ("Instances which justify equitable tolling include . . . an attorney's failure to file a habeas petition on behalf of a prisoner, despite explicit directions from the prisoner to do so."). As courts have recognized, "[a]ttorney error is, usually at least, inadequate to create the 'extraordinary' circumstances equitable tolling requires." *Clemente*, 72 F.4th at 478. Petitioner's motion is denied as untimely.

## IV.    CONCLUSION

For the foregoing reasons, the Petition for habeas relief under 28 U.S.C. § 2255 is **DENIED**. Because Petitioner has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See Hoffler v. Bezio*, 726 F.3d 144, 154 (2d Cir. 2013). The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order

would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Clerk of Court is respectfully directed to close the motion at Dkt. 42 in No. 18 Crim. 127 and Dkt. 1 in No. 25 Civ. 3302, and to close No. 25 Civ. 3302.

Dated: July 9, 2025
      New York, New York

                                            **LORNA G. SCHOFIELD**
                                          **UNITED STATES DISTRICT JUDGE**